THE STATE v. W. M. HAYES.

*Indictment for Larceny—Charge—Intent—Possession.*

1. In a trial on an indictment for larceny of an ox, the Court charged that if defendant got possession under a contract of purchase he was not guilty: *Held*, to be no proper response to the prayer of defendant that if he came into possession lawfully, and afterwards made up his mind to convert them to his own use, he would not be guilty; this view of the case the defendant was entitled to have presented to the jury, as it was a construction warranted by the facts.

2. A charge which makes the defendant's guilt depend upon his intention at the time of getting possession, without further finding he afterwards executed that intention, is erroneous.

This was an INDICTMENT for the larceny of an ox, tried before *Bynum, J.*, at the Fall Term, 1892, of SWAIN Superior Court.

The facts are sufficiently stated in the opinion of the Court.

*The Attorney General*, for the State.
*Messrs. Fry* and *Newby* (by brief), for defendant.

CLARK, J.: The defendant asked the Court to instruct the jury, "That if the defendant came into possession of the oxen, charged to have been stolen, lawfully, and after getting possession of them, he then made up his mind to convert them to his own use, he would not be guilty." Instead of this the Court charged, "If the defendant and Arthur had made a contract of purchase and sale, and in accordance with this contract Arthur delivered the cattle to the defendant, then the jury should return a verdict of not guilty." The Court further charged the jury, that "if the defendant applied to Arthur for work, representing to him that he had money and spoke of buying the cattle, that he did this for the purpose of inducing Arthur to let him have possession of the cattle for the expressed purpose of hauling lumber, and the defendant had it in his mind at that time to get possession of the cattle, not for the purpose of hauling lumber, but with the intention, if he did get them under that pretence, to appropriate them to his own use, it would be the duty of the jury to return a verdict of guilty."

The defendant was entitled to the first prayer for instruction. The Court failed to give it. His Honor, in effect, charged—(1) If defendant bought the oxen he was not guilty; (2) if the defendant got possession of the cattle for the avowed purpose of hauling lumber, but with the intent at the time of not so using them, but to convert them to his own use, he was guilty.

These instructions leave out of view the third state of facts upon which the prayer for instruction was based, and which could be drawn from the evidence, that is, if the defendant procured the oxen lawfully, *i. e.*, for the purpose of hauling lumber, and did not at that time have the intent of converting them to his own use, but afterwards conceived and executed such purpose, he would not be guilty of this charge· The charge of the Court was, merely, that if the defendant bought the oxen, he was not guilty.

The second branch of the instruction given is also erroneous, in making the defendant's guilt. depend upon an intention at the time of the receiving to convert the oxen, without the further finding that the defendant did, in fact, afterwards convert them to his own use.

Error.